UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
SELECTIVE INSURANCE COMPANY,

                Plaintiff,

  -against-

SCARTH CONSTRUCTION CORPORATION,

                Defendant.
-----------------------------------------------------------x

**COMPLAINT**

**JURY TRIAL DEMANDED ON ALL ISSUES**

Plaintiff, Selective Insurance Company ("Selective"), by its attorney, James W. Borkowski, Of Counsel to Keane & Beane, P.C., as and for its Complaint herein, against Scarth Construction, Inc. ("Scarth") alleges:

**JURISDICTION**

1. At all times herein mentioned, Selective was and still is a corporation organized and existing under the laws of the State of New Jersey, with its principal place of business at 40 Wantage Avenue, Branchville, New Jersey.

2. Upon information and belief, at all times herein after mentioned, Scarth Construction, Inc. was a corporation organized and doing business in the State of New York, with a principal place of business at Phonecia, New York.

3. This Court has original jurisdiction of this action pursuant to 28 U.S.C. Section 1332(a) in that the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different states.

4. Venue is proper in this Court pursuant to 28 U.S.C. Section 1391(a).

**THE FACTS**

5. This action has been commenced in order to determine the rights and obligations between the plaintiff and the defendant with regard to a contract of insurance discussed herein, and with reference to the defendant's liabilities or potential liabilities arising from an alleged incident said to have occurred on or about May 22, 2000.

6. In or about 1998, Scarth was retained as a framing and construction subcontractor in the construction/renovation of the Emerson Inn, Catskill, New York.

7. On April 25, 2005, a fire broke out at the Emerson Inn, causing extensive property damage to the premises.

8. On or about April 13, 2006, Regent Insurance Company, as subrogee of Catskill Corners, Inc. commenced an action in the United States District Court, Southern District of New York against Scarth and other contractors entitled <u>Regent Insurance Company, as subrogee of Catskill Corners, Inc. a/ka Spotted Dog Ventures, LLC at Catskill Corners v. Storm King Contracting, Inc., et al.</u>, 06 CV 2879 ( the "Regent Insurance Action"). A copy of the Complaint in the Regent Insurance action is annexed hereto as Exhibit 1.

**The Selective Policy**

9. On or about September 26, 1999, Selective issued to Scarth an General Liability Insurance Policy Number S1537186 (the "Policy"). The Policy became effective on September 26, 1999 and expired on September 26, 2000. Selective begs leave to refer to the original or true copy of the Policy for the complete terms and conditions thereof at the trial of this action.

10. The Policy became expired on September 26, 2000, five years prior to the April 25, 2005 fire, which gave rise to the underlying action.

### FIRST CAUSE OF ACTION
(Failure to Promptly Notify of Suit)

11. Selective repeats and realleges each and every allegation contained in paragraphs 1-10 of this Complaint as if set forth herein at length.

12. The Policy specifically states that claims must be promptly reported to Selective:

   2. Duties In the Event of Occurrence, Offense, Claim Or Suit
       a. You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:
           (1) How, when and where the "occurrence" or offense took place;
           (2) The names and addresses of any injured persons and witnesses;
           (3) The nature and location of any injury or damage arising out of the "occurrence" or offense.
       b. If a claim is made or "suite" is brought against any insured, you must:
           (1) Immediately record the specifics of the claim or "suit" and the date received; and

     (2) Notify us as soon as practicable.
   You must see to it that we receive written notice of the claim or "suit" as soon as practicable.
  c. You and any other involved insured must:
  (1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";
  (2) Authorize us to obtain records and any other information;
  (3) Cooperate with us in the investigation, settlement or defense of the claim or "suit"; and
  (4) Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.
  d. No insureds will, except at their own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

13. Upon information and belief, Scarth was first served with the Complaint in the Regent Insurance Action in April 2006.

14. Scarth did not notify Selective of the Regent Insurance Action at that time, and defaulted in its time to answer the Complaint in the Regent Insurance Action.

15. Upon information and belief, Scarth obtained two extensions of its time to answer the Regent Insurance Action Complaint. Neither time did Scarth notify Selective of the Regent Insurance Action.

16. In addition to failing to notify Selective of the Regent Insurance Action, Scarth retained its own counsel, who appeared before the Hon. Leonard Sand at a Court conference in June 2006.

17. Upon information and belief, at the conference before Judge Sand, Scarth's time to answer the Regent Insurance Action Complaint was extended by the Court until June 30, 2006.

18. Selective did not receive notification of the Regent Insurance Action from Scarth until June 29, 2006, one day prior to the Court's deadline to answer.

19. With one day to file an answer, and in order to protect Scarth's interests, Selective agreed to provide counsel and defend the Regent Insurance Action under a reservation of rights until the claim was further investigated.

20. By letter dated August 7, 2006, Selective notified Scarth that Selective had completed its investigation and was withdrawing from the defense of the Regent Insurance Action, and denying any obligation to defend and/or indemnify Scarth.

21. Scarth failed to comply with the terms and conditions of the Policy, in that it failed to promptly notify Selective of the Regent Insurance Action.

22. Selective does not have an adequate remedy at law.

23. By reason of the foregoing, Selective is entitled to a judgment declaring that Scarth has failed to comply with the terms and conditions of the Policy, and is thus not entitled to a defense or coverage from Selective under the Policy.

## SECOND CAUSE OF ACTION
(Occurrence Took Place Outside the Policy Period)

24. Selective repeats and realleges each and every allegation contained in paragraphs 1-23 of this Complaint as if set forth herein at length.

25. The Policy specifically states:

    **Insuring Agreement**
    a.  We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend any "suit" seeking those damages. We may at our discretion investigate any "occurrence" and settle any claim or "suit" that may result. But:
    　　*　　*　　*
    b.  This insurance applies to "bodily injury" and "property damage" only if:
    　　*　　*　　*
    (2) The "bodily injury" or "property damage" occurs during the policy period.

26. Under the Policy, Selective was obligated to defend and indemnify Scarth provided there were allegations of "property damage" occurring during the Policy period. According to the Complaint in the Regent Insurance Action, the fire at the Emerson Inn took place on May 22, 2005, almost five years after the expiration of the Policy.

27. The fire giving rise to the Regent Insurance Action did not occur within the Policy period.

28. Selective does not have an adequate remedy at law.

29. By reason of the foregoing, Selective is entitled to a judgment declaring that the fire giving rise to the Regent Insurance Action did not occur within the Policy period, and thus, Scarth is not entitled to a defense or coverage from Selective under the Policy.

## THIRD CAUSE OF ACTION
(Breach of Contract Claims Not cover by Policy)

30. Selective repeats and realleges each and every allegation contained in paragraphs 1-29 of this Complaint as if set forth herein at length.

31. Section .... of the Policy specifically states that the Policy does not apply to:

   a. Expected or Intended Injury
   "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury resulting from the use of reasonable force to protect persons or property.
   b. Contractual liability
   "Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:
   (1) Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement; or
   (2) That the insured would have in the absence of the contract or agreement.
   \* \* \*
   j. Damage to Property
   "Property damage" to:
   (1) Property you own, rent, or occupy;
   (2) Premises you sell, give away or abandon, if the "property damage" arises out of any part of the premises;

    (3) Property loaned to you;
    (4) Personal property in the care, custody or control of the insured;
    (5) That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on you behalf are performing operations, if the "property damage" arises out of those operations; or
    (6) That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.
     Paragraph (2) of this exclusion does not apply if the premises are "your work" and were never occupied, rented or held for rental by you.
    Paragraphs (3), (4),(5) and (6) of this exclusion do not apply to liability assumed under a sidetrack agreement.

  (k) Damage to Your Product
Property damage to "your product" arising out of it or any part of it.
  (l) Damage to Your Work
"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard."
This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

(m) Damage to Impaired Property or Property Not Physically Injured
"Property damage" to "impaired property" or property that has not been physically injured, arising out of:
(1) A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work;" or
(2) A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

32. The Complaint in the underlying Regent Insurance Action sets forth claims for breach of contract.

33. Pursuant to paragraph b. cited above, coverage is specifically excluded for any and all claims for Breach of Contract under the Policy.

34. Selective does not have an adequate remedy at law.

35. By reason of the foregoing, Selective is entitled to a judgment declaring that the breach of contract claims in the Regent Insurance Action are not covered by the Policy, and thus, Scarth is not entitled to a defense or coverage from Selective under the Policy.

### FOURTH CAUSE OF ACTION

36. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1-35 as if fully set forth at length herein.

37. To date, Selective has paid all attorneys' fees, costs and disbursements and other expenses incurred by Selective in its defense of the Regent Insurance Action.

38. All expenses paid by Selective for the defense of the Regent Insurance Action have been necessarily expended in good faith, in the absence of defendant's compliance with its contractual obligations to Selective under the Policy, and in the Regent Insurance Action.

39. Payment of these expenses by Selective for the defense has directly benefitted defendant because defendant has failed to comply with the terms and conditions of the Policy.

40. Defendant has wrongfully accepted and unjustly retained the benefit of Selective's defense of the defendant herein to the detriment of Selective.

41. Selective is entitled to a reasonable and legitimate expectation that defendant will

reimburse Selective for all attorneys fees, costs and other disbursements expended in defense of defendant, which it is the obligation of the defendant, and not Selective , to satisfy.

42. Selective has suffered and will continue to suffer damages, harm and prejudice by virtue of the failure of defendant's breach of the Policy, including all attorneys' fees, costs, disbursements and other expenses incurred by Selective to defend defendant in the Regent Insurance Action.

43. Defendant is liable to reimburse Selective for all attorneys' fees, costs, disbursements and expenses incurred by Selective in defense of defendant in the Regent Insurance Action, and judgment should be entered accordingly.

**WHEREFORE**, plaintiff demands judgment against defendant as follows:

(1) On the First Cause of Action, declaring that Selective has no obligation to defend and/or indemnify Scarth for the claims made in the Regent Insurance Action;

(2) On the Second Cause of Action, a judgment declaring that the fire giving rise to the Regent Insurance Action did not occur within the Policy period, and thus, Scarth is not entitled to a defense or coverage from Selective under the Policy in the Regent Insurance Action;

(3) On the Third Cause of Action, a judgment declaring that the breach of contract claims asserted in the Regent Insurance Action are not covered by the Policy, and thus, Scarth is not entitled to a defense or coverage from Selective under the Policy;

(4) On the Fourth Cause of Action, all attorneys' fees, costs, disbursements and expenses incurred by Selective in defense of defendant in the Regent Insurance Action;

(5) That plaintiff be granted such other, further and different relief as this Court may deem just, proper and equitable.

Dated: White Plains, New York
May 15, 2007

By:_____
James W. Borkowski (JWB 9143)
*Attorney for Plaintiff*
445 Hamilton Avenue, 15th Floor
White Plains, New York 10601
(914) 946-4777